AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

UNITED STATES OF AMERICA

**CRIMINAL COMPLAINT**

vs.

CASE NUMBER: 6:11-mj-1016

SAMUEL WARLICK

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about December 13, 2010, in Seminole County, in the Middle District of Florida, defendant did knowingly distribute child pornography in interstate commerce in violation of Title 18, United States Code, Section 2252A(a)(2)(B). On or about January 14, 2011, in Seminole County, in the Middle District of Florida, defendant did knowingly possess child pornography in violation of Title 18, United States Code Section 2252A(a)(5)(B). I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

Signature of Complainant
Rod Hyre

Sworn to before me and subscribed in my presence,

January 14, 2011 at Orlando, Florida

David A. Baker
United States Magistrate Judge
Name & Title of Judicial Officer

Signature of Judicial Officer

**STATE OF FLORIDA** **CASE NO. 6:11-mj-1016**

**COUNTY OF SEMINOLE**

## AFFIDAVIT IN SUPPORT OF ARREST WARRANT

I, Rod Hyre, being duly sworn, do hereby depose and state as follows:

1. For the past nine years, I have been employed as a Special Agent with the Federal Bureau of Investigation (FBI). I currently serve as the coordinator for the FBI Crimes Against Children/Innocent Images Unit in Orlando.

2. I have received specialized training in the investigations of sex crimes, child exploitation, child pornography and computer crimes. I have been involved in investigations involving child pornography and online solicitation/enticement of a minor. I have participated in investigations of persons suspected of violating federal child pornography laws, including 18 U.S.C. §§ 2252 and 2252A. I have also participated in various training courses for the investigation and enforcement of federal child pornography laws in which computers are used as the means for receiving, transmitting, and storing child pornography. Additionally, I have participated in the execution of search warrants involving searches and seizures of computers, computer equipment, software and electronically stored information.

3. This affidavit is submitted in support of an application for the issuance of an arrest warrant for SAMUEL SHAMBA WARLICK. As set forth in more detail below, I believe there is probable cause that WARLICK knowingly distributed and possessed material containing images of child pornography, that is, visual depictions of a minor engaging in sexually explicit conduct, which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and

using any means and facility of interstate and foreign commerce, that is, the Internet, in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (a)(5)(B).

4. I make this affidavit from personal knowledge based on my participation in this investigation, information from other criminal investigators, information from law enforcement officers, information from agency reports, and the review of documents provided to me by these witnesses and law enforcement officers. Because this affidavit is being submitted for the limited purpose of seeking an arrest warrant, I have not set forth each and every fact learned during the course of this investigation.

## STATUTORY AUTHORITY

5. Title 18, United States Code, Section 2252(a), prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any visual depiction of minors engaging in sexually explicit conduct using any means or facility of interstate commerce, or in or affecting interstate commerce. Title 18, United States Code, Section 2252A, prohibits a person from knowingly transporting, shipping, receiving, distributing, reproducing for distribution, or possessing any child pornography, as defined in 18 U.S.C. § 2256(8), using any means or facility of interstate commerce, or in or affecting interstate commerce.

## DEFINITIONS

6. The following definitions apply to this Affidavit:

a. "Child Pornography," as used herein, includes the definition in 18 U.S.C. § 2256(8), which defines child pornography as any visual depiction of sexually explicit conduct where (a) the production of the visual depiction involved the use of a minor engaged in sexually explicit conduct, (b) the visual depiction is a digital image, computer image, or computer-generated image that is, or is indistinguishable from, that

of a minor engaged in sexually explicit conduct, or (c) the visual depiction has been created, adapted, or modified to appear that an identifiable minor is engaged in sexually explicit conduct), as well as any visual depiction, the production of which involves the use of a minor engaged in sexually explicit conduct. See 18 U.S.C. §§ 2252 and 2256(2).

b. "Sexually explicit conduct" means actual or simulated (a) sexual intercourse, including genital-genital, oral-genital, or oral-anal, whether between persons of the same or opposite sex; (b) bestiality; (c) masturbation; (d) sadistic or masochistic abuse; or (e) lascivious exhibition of the genitals or pubic area of any persons. See 18 U.S.C. § 2256(2).

**PEER TO PEER (P2P) FILE SHARING**

7. A growing phenomenon on the Internet is peer to peer file sharing (hereinafter "P2P"). P2P file sharing is a method of communication available to Internet users through the use of special software. The software is designed to allow users to trade digital files.

8. For this investigation, the FBI, during this undercover session utilized a P2P program which will be referred to as a "publicly available peer-to-peer file sharing program" and remain anonymous to protect future undercover investigations. To use the version of this publicly available peer-to-peer file sharing program, a user only has to download the free program and then select the folder(s) on their computer they want to share. The publicly available peer-to-peer file sharing program used during this undercover session allows file sharing through the peer to peer user and is limited to those users you have included in your private network. To add someone to your private network, you must send them an electronic "Invite" through the publicly available peer-

to-peer file sharing program. That user will then receive a message that they have been invited by [P2P username]. Prior to deciding whether to accept or refuse the Invite, a user can access the sender's "User Details" which is similar to a mini-profile. This contains user-generated information that is neither confirmed nor reviewed by the publicly available peer-to-peer file sharing program.

9. Once a user accepts the Invite, you are added to their private network and allowed to access/download any files they are sharing. Likewise, that user can view/download your shared files.

10. Users connect through the publicly available peer-to-peer file sharing program, exchange files directly from one computer to another. Therefore, a downloaded file comes from a single user's computer and only that computer. The publicly available peer-to-peer file sharing program offers a paid version (a/k/a "Premium" or "Ultimate") which allows a user to download pieces of the same file from various people in their network (multi-source downloads). However, law enforcement mainly uses the free version of this publicly available peer-to-peer file sharing program for the single source download component. In the case of some ID takeover accounts, law enforcement cannot avoid using the paid (multi-source download) version of this publicly available peer-to-peer file sharing program. In those instances, each and every file transfer is monitored to ensure that the file is downloaded from only one source/ user. When downloading a file, this publicly available peer-to-peer file sharing program "Transfer Screen" renders a visual depiction of each file transfer. This includes the user(s) you are downloading from. In cases of multi-source downloads, the user can prevent any part of the file from being downloaded from any source except the subject.

11. After downloading and installing this publicly available peer-to-peer file sharing program, a user specifically designates the folders they want to share with other users on their private network. Folders are not automatically shared by default. When viewing the shared folders of a target user, you are viewing the shared folder structure, folder names, file names, etc., exactly as it appears on the targeted user's computer.

12. Identification of a target is accomplished by way of a network protocol analyzer (NPA), commonly referred to as a "packet sniffer," which records and displays the Internet packet traffic between the undercover's computer and the target's computer. The undercover uses "CommView" which is kept running during the entire undercover session. Therefore, as the undercover downloads files from the target computer, CommView records the packet traffic and displays the corresponding IP address.

**DETAILS OF THE INVESTIGATION**

13. On December 13, 2010, a special agent with the FBI (SA) conducted an undercover online session utilizing the publicly available peer-to-peer file sharing program. The SA logged on as "briefslover," a user who was already established on the peer-to-peer file sharing program and whom had given consent to the FBI to assume his/her online identity.

14. The SA, acting as "briefslover," queried his network of friends and observed that the individual utilizing the username "Shaychsimba," was logged onto the network. SA Botello proceeded to browse the 890 files that "Shaychsimba" had available in his shared directories.

15. The SA found "Shaychsimba's" files had titles indicative of child pornography. Between 3:06pm and 3:25pm Pacific Standard Time, The SA downloaded 40 image and 6 video files from "Shaychsimba's" shared folders. The SA

reviewed the files after the downloads were completed and determined the majority of the files depicted child pornography. The SA also captured and reviewed thumbnails of the images that "Shaychsimba" had posted in his shared directories, and the majority of the images were pictures of children being made to engage in sexually explicit conduct, that is child pornography.

16. The SA used CommView to identify the Internet Protocol (IP) Address used by "Shaychsimba" as 99.75.58.73, registered to AT&T Internet Services.

17. On January 3, 2011, an administrative subpoena was served by the SA to AT&T Internet Services requesting subscriber information for the user assigned to the aforementioned IP address during the date and time the undercover session was conducted.

18. On January 4, 2011, AT&T Internet Services responded to the subpoena and provided the following information:

Date and Time w/Time Zone of UC Session: 12/13/2010 @ 3:06pm and 3:25pm Pacific Standard Time.

| | |
|---|---|
| IP Address of Subject: | 99.75.58.73 |
| Subject's Account Name: | Samuel Warlick |
| Member ID Number: | samuelwarlick@att.net |
| Service Address: | 911 Pecan Street<br>Oviedo, FL 32765 |
| Subject's Phone Number: | XXX-XXX-XXXX |
| E-mail User IDs: | kebanayo@gmail.com |

19. Your Affiant reviewed the downloaded files from the SA's undercover session and believe, based on my training and experience, that the three aforementioned files are child pornography as defined in 18 U.S.C. § 2256. The following table provides information regarding those files:

| DOWNLOADED FILES | DATE/TIME | CONTRIBUTING IP ADDRESS | DESCRIPTION |
|---|---|---|---|
| (FS) 3 boys enjoying each others company (1m36s).avi | 12/13/2010 3:06 PM PST to 3:25 PM PST | 99.75.58.73 | A video of three nude prepubescent boys in bed engaging in oral sex with each |
| i love sucking.jpg | 12/13/2010 3:06 PM PST to 3:25 PM PST | 99.75.58.73 | Image of a prepubescent boy performing oral sex on another prepubescent boy |
| !!!!Dad fucks his son 9y very deep - 160406140 - 3vx (4_78).avi | 12/13/2010 3:06 PM PST to 3:25 PM PST | 99.75.58.73 | A video of a prepubescent boy being anally raped by an adult male, the video has sound and the prepubescent boy can be |

20. On January 10, 2011, at approximately 11:50 am, TFA McElyea conducted an online search on the publicly available peer-to-peer file sharing program's website for the user name "Shaychsimba" and noted that the user last logged on the publicly available peer-to-peer file sharing program on December 14, 2010 and had been a user since September 15, 2008. TFA McElyea also conducted a Google search of the user name "Shaychsimba" which led him to a user created web page called "paizo.com." On that webpage, "Shaychsimba" lists the name SHAMBA WARLICK.

21. On January 12, 2011, the Court issued a search warrant for the search of WARLICK'S residence located at 911 Pecan Street, Oviedo, Florida, 32765 and for the seizure of items set forth in Attachment B to the warrant.

22. On the morning of January 14, 2011, your Affiant, along with other law enforcement agents, executed the search warrant. During the execution fo the search warrant, agents conducted a forensic preview of the images and videos contained within the files on an Asus desktop computer, which WARLICK identified as belonging to him. Agents found all of the images and videos of child pornography that the SA

downloaded from "Shaychsimba's" shared folders on December 13, 2010, as described in paragraphs 15 and 19 of this Affidavit. Based on my training and experience these images and videos are child pornography, as defined in 18 U.S.C. § 2256, and some of the files of child pornography found on WARLICK'S computer are described below.

| File Name | Description |
|---|---|
| 1218156CMG.jpg | Image depicts a naked prepubescent boy performing oral sex on another naked prepubescent boy. |
| 121857fAg.jpg | Image depicts a naked prepubescent boy performing oral sex on another naked prepubescent boy. |
| BOYSSUC.jpg | Image depicts a prepubescent boy performing oral sex on another prepubescent boy. |
| My_boy29.jpg | Image depicts an adult male's hand holding a prepubescent boy's penis. |
| My_boy_9.jpg | Image depicts an adult male's hand holding the testicles of a prepubescent boy |

23. During the forensic preview, agents also determined that the peer-to-peer program referenced in paragraphs 13-15 of this affidavit was installed on WARLICK'S computer and that the program was used to download the images described above in paragraph 22 onto his computer.

24. Your Affiant, along with other agents, conducted a voluntary, non-custodial interview with WARLICK at his residence. During that interview, WARLICK admitted to distributing and possessing child pornography through the private peer-to-peer network described in this affidavit for the past 2 ½ years. Specifically, WARLICK admitted, among other things, to trading child pornography with individuals who were invited into his private peer-to-peer group using the user name "Shaychsimba," from his

home in Seminole County, Florida. He admitted that he had possessed child pornography for at least the past 10 years, and he estimated that he possessed between 50 and 100 gigabytes of child pornography. WARLICK also stated that he traded child pornography using Yahoo! Mail, and that he downloaded child pornography from internet websites and new groups. WARLICK stated that he received sexual gratification from looking at the images and preferred images of child pornography depicting boys ages 13-16 years old, although he possessed images depicting boys as young as five years old. WARLICK also admitted that he posed online as a 16 year-old boy and befriended other minor teenage boys. He then sent images of child pornography depicting 16 year-old boys, and represented that he was the individual in the pictures in order to persuade them to send him naked pictures of themselves.

25. Based on the above information, there is probable cause to believe that SAMUEL SHAMBA WARLICK knowingly distributed and possessed material containing images of child pornography, that is, visual depictions of a minor engaging in sexually explicit conduct, which had been shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, and using any means and facility of interstate and foreign commerce, that is, the Internet, in violation of 18 U.S.C. §§ 2252A(a)(2)(B) and (a)(5)(B).

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Rod Hyre
Special Agent
Federal Bureau of Investigation

Subscribed and sworn to before me
this 14th day of January, 2011

David A. Baker
United States Magistrate Judge